506 P.2d 1277

**RIVERSIDE COUNTRY CLUB, a Utah corporation, Plaintiff and Respondent,**

v.

**Preston E. ASHTON et al., Defendants and Appellants.**

**No. 12938.**

Supreme Court of Utah.

Feb. 28, 1973.

---

Carl J. Nemelka, of Nemelka & Coles-sides, Salt Lake City, for defendants-appellants.

J. Robert Bullock, of Aldrich, Bullock & Nelson, Cullen Christensen, Provo, for plaintiff-respondent.

HENRIOD, Justice.

Appeal from a judgment quieting title to an easement of ingress and egress, based on a recorded deed representing color of title, and prescriptive right by long user. Affirmed, with no costs awarded.

Appellant says: 1) the trial court erred since the plaintiff and its predecessors did not show any right to the easement claimed; 2) that assuming, arguendo the establishment of such easement, it was destroyed by defendant Ferguson's adverse possession; and 3) that the U. S. survey supersedes any later claims by the state or

others to lands whose claims of title are disputed.

Defendant is one of 14 defendants, the 13 others of whom, as property owners in the vicinity, reconciled their differences, if there were any, with plaintiff, by stipulation or consent judgment.

As to 2) and 3) above, we believe and conclude that they are without merit, since 2) was not shown by satisfactory evidence, and 3) has no pertinence, since boundaries or easements by acquiescence or adverse possession may be established by user irrespective of source or chain of title initiated by ancient federal surveys, field notes or grants, reflecting no reservation against the acquisition of rights by prescription or other type of use.

As to 1), the pertinent issue here, we believe and also conclude that the lone defendant here, Mr. Ferguson, himself successfully assisted in establishing plaintiff's case by the simple device of conceding that a fence had been in place between his property and that of plaintiff and its predecessors, for about 75 years, and that there was a gate between the two, which on controverted evidence had or did not have a lock on it, either of which contentions the trial court was at liberty to believe. There is no uncontradicted evidence that the right of way was denied or resisted to the detriment of the plaintiff or its predecessors for 75 years, or strictly was permissive, but there is to the effect that there was an open and uninterrupted use for a prescriptive period. We are constrained to conclude that under the evidence, showing a fence, a gate, and usage for so many years, and in the interest of repose of title by passage of time and such long usage, the defendant has little comfort in urging his contentions at this late date.

CALLISTER, C. J., and ELLETT, CROCKETT, and TUCKETT, JJ., concur.